UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2014 DEC 18 P 12: 47
JON A. SANFILIPPO
CLERK

**14-C-1571**

Case No.: 14-C-

DEAN ANDERSEN,
505 Lake Street
Waukesha, WI 53186

Plaintiff,

vs.

RIVERWALK HOLDINGS, LTD.,
DE VILLE ASSET MANAGEMENT,
LTD., JAY B. LEDFORD, MICHAEL
SHELTON, "MRS. SMITH", "ANITA
'DOE'", UNKNOWN PERSONS,
1132 Glade Road
Colleyville, TX 76034

Defendant

**VERIFIED COMPLAINT**

**CIVIL ACTION**

**COMPLAINT FOR VIOLATIONS OF:**

**FAIR DEBT COLLECTION PRACTICES ACT;
FAIR CREDIT REPORTING ACT;
THE STATE OF WISCONSIN CONSUMER ACT;
NEGLIGENT TRAINING AND SUPERVISION**

**JURY TRIAL DEMANDED**

Comes now the plaintiff, Dean Andersen, and for his Complaint against Riverwalk Holdings, Ltd., De Ville Asset Management, Ltd., Jay B. Ledford, Michael Shelton, "Mrs. Smith", "Anita 'Doe'", and unknown persons, jointly and severally (collectively, the "Defendant" unless otherwise specified herein), states as follows:

I. **INTRODUCTION**

1. Plaintiff brings this action to secure redress against unlawful collection and reporting practices engaged in by Defendant.

2. Plaintiff alleges violations of: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* ("FDCPA"); the Fair Credit Reporting Act/Fair and Accurate Credit Transactions Act, 15

U.S.C. § 1681 *et seq* ("FCRA"/"FACTA"), the State of Wisconsin Consumer Act ("WCA"), and Wisconsin common law.

3. Defendants' actions and communications with Plaintiff violate provisions of the FDCPA, FCRA/FACTA, and the State of Wisconsin Consumer Act.

4. Plaintiff seeks statutory damages, declaratory and other relief.

5. Plaintiff also seeks compensatory, punitive, and any other damages allowed for by state of Wisconsin law for the Defendants' violations of the Wisconsin Consumer Act and Wisconsin common law set forth herein.

## II. CONGRESSIONAL FINDINGS AND DECLARATION OF PURPOSE

6. In enacting 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Congress recognized and stated that the purpose of the FDCPA is to "eliminate" *[emphasis added]* deceptive and abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using deceptive and abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *See 15 U.S.C. § 1692(e), Purposes.*

7. "The FDCPA is a strict liability statute" *Hahn vs. Triumph Partnerships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009).

8. The Fair Debt Collection Practices Act is to be liberally construed in favor of the consumer to effectuate its purposes. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

9. Statutory damages are recoverable for violations, whether or not actual damages are proven. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997), *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998).

10. The "FDCPA" is a strict liability statute and a single violation is sufficient to support summary judgment for the plaintiff. *Taylor vs. Perrin, Landry, deLaundry, deLauneay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

11. Relief imposed against debt collector found to have violated Fair Debt Collection Practices Act should be broad enough to prevent similar types of violations by them in the future. *Withers v. Eveland*, 988 F. Supp. 942, 947-48 (E.D. Va. 1997)

12. In enacting 15 U.S.C. §1681 *et seq.*, the Fair Credit Reporting Act/Fair and Accurate Credit Transaction Act, Congress recognized that furnishers of information to national credit reporting agencies have a duty to the consumers regarding the consumer information they furnish.

13. In the event a consumer disputes the accuracy of information furnished with the creditor, the creditor is required to take certain steps to resolve the matter.

14. Any person who fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer.

### III. JURISDICTION AND VENUE

15. The claims asserted herein arise under and pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1681, *et seq.*, the Fair Credit Reporting Act/Fair and Accurate Credit Transactions Act, the Wisconsin Consumer Act, and Wisconsin common law.

16. This Court has jurisdiction of this litigation pursuant to 28 U.S.C. § 1331, § 1337, 15 U.S.C. § 1692k, 15 U.S.C. § 1681p, and State of Wisconsin law claims.

17. Venue is properly laid in this court pursuant to 28 U.S.C. § 1331, § 1337, 15 U.S.C. §1692k, 15 U.S.C. § 1681p, and because (i) Plaintiff resides here and (ii) all communications with Defendant were received here.

### IV. PARTIES

18. Plaintiff Dean Andersen is an individual with a mailing address of 505 Lake Street, Waukesha, WI 53186.

19. Defendant is: Riverwalk Holdings, Ltd./De Ville Asset Management, Ltd. with its principal office located in Colleyville, Texas; Jay B. Ledford – General Partner and indirect Debt

Collector; Michael Shelton – Manager/Supervisor and Debt Collector; "Mrs. Smith" – Debt Collector; "Anita 'Doe'" – Debt Collector.

20. Defendant directed, operated, dominated, and/or controlled the policies, finances, business practices and procedures of defendant and/or supervised their agents/employees.

## V. STATEMENT OF FACTS

21. Mr. Andersen after pulling a copy of his credit report on June 10, 2014, noticed that Riverwalk/De Ville was reporting incorrect credit information to national credit reporting agencies.

22. Wisconsin follows the minority rule, holding that expiration of the statute of limitations (6 years) extinguishes the right as well as the remedy. *Klewer v. Cavalry Investments, LLC,* No. 01-C-541-S, 2002 U.S. Dist. LEXIS 1778 at *6-*8 (W.D. Wis. Jan. 30, 2002), reaffirmed this rule. *Klewer* cites both *First Nat. Bank of Madison v. Kolbeck*, 19 N.W.2d 908, 909 (Wis. 1945) and Wis. Stat. Ann § 893.05 (West, WESTLAW through 2001 Act 43, published 2/15/02).

23. The *Klewer* court held that attempting to collect a time-barred debt violates the Fair Debt Collection Practices Act § 807(2)(A) (§ 1692e(2)(A)), finding that when the Wisconsin statute of limitations expired the creditor can no longer claim that the money was owed. 2002 U.S. Dist. LEXIS 1778, at *8. Thus, making such a claim misrepresented the legal status of the debt, *Id.* This ruling bars debt buyers and collectors from attempting to collect debts upon which that statute of limitations has expired, and bars them from credit reporting such extinguished accounts.

24. Mr. Andersen called Riverwalk/De Ville on June 10, 2014, and spoke to one of their debt collectors who, in a recorded communication, gave the name of "Mrs. Smith".

25. During that communication Mr. Andersen disputed the extinguished "account" and requested that Riverwalk/De Ville comply with state of Wisconsin law and remove the disputed extinguished "account" from his credit file with the national credit reporting agencies and cease all collection activity on the extinguished "account – their representative, "Mrs. Smith", refused.

26. During that communication "Mrs. Smith" made several false and misleading statements regarding Riverwalk's/De Ville's ability to continue to credit report and collect the extinguished "account" - informing Mr. Andersen that Riverwalk/De Ville didn't care what state of Wisconsin law stated and would still continue to attempt to collect and report the extinguished "account" - and that Riverwalk/De Ville was adding 122% in interest to the principle amount claimed.

27. In that same communication "Mrs. Smith" stated that Riverwalk/De Ville was still the owner of the disputed, time-barred and extinguished "account" – and that Riverwalk/De Ville was still attempting to collect the disputed, time-barred and extinguished "account".

28. "Mrs. Smith", in that same recorded communication, stated that Riverwalk/De Ville was still continuing to report the disputed, time-barred and extinguished "account" to the national credit reporting agency and would continue to do so.

29. "Mrs. Smith", in that same recorded communication, stated that Mr. Andersen needed to pay the disputed, time-barred and extinguished "account" – and pay it directly to Riverwalk/De Ville.

30. Mr. Andersen immediately filed a complaint with the Better Business Bureau and in Riverwalk's/De Ville's "response/non response" they now claimed that they "sold" the disputed, time-barred and extinguished "account" to a different collection agency – and they now had no further comment.

31. In a recorded communication on November 20, 2014, according to a Riverwalk/De Ville debt collector named "Anita" and later in that same communication confirmed by a "manager" named "Mr. Michael Shelton" – Riverwalk/De Ville stated that after receiving Mr. Andersen's dispute and informing Riverwalk/De Ville that, under state of Wisconsin law the "account" was extinguished and was no longer, on June 10, 2014 - Riverwalk/De Ville on June 20, 2014 (10 days after) sold that extinguished "account" to a different collection agency.

32. In the same recorded communication of November 20, 2014, both "Anita" and "Mr. Michael Shelton", stated that Riverwalk/De Ville, conveniently, had no record of the June 10, 2014 communication with "Mrs. Smith" "ever happening" thinking that would be the end of it –

however when Mr. Andersen informed "Mr. Shelton" that he had a copy of the recorded communication to prove what was stated by "Mrs. Smith", "Mr. Shelton" snidely replied – "Well that's good".

33. On December 4, 2014, Mr. Andersen received a call from Mr. Michael Shelton.

34. In that communication Mr. Shelton point blank informed Mr. Andersen that if he did file the action in federal court for Riverwalk's/De Ville's violations of federal and state law and obtain judgment – that Riverwalk/De Ville would not comply with the federal Court's Order and that Riverwalk/De Ville would make the damages award hard to collect because Riverwalk/De Ville is located in Texas and Mr. Andersen in Wisconsin.

35. Mr. Andersen subsequently applied for credit and was denied.

## VI. COUNT ONE: CLAIMS FOR RELIEF - VIOLATIONS OF THE FDCPA

36. Plaintiff incorporates the foregoing paragraphs by reference as if contained herein.

37. Defendant violated 15 U.S.C. §1692e; 15 U.S.C. §1692f; 15 U.S.C. §1692g when "Mrs. Smith" refused to comply with state of Wisconsin law regarding the extinguished "account" and stated that Riverwalk/De Ville didn't care what the state of Wisconsin law stated – that Riverwalk/De Ville would continue to collect the extinguished "account"; and continue to credit report the extinguished "account" to the national credit reporting agencies.

38. Defendant violated 15 U.S.C. §1692e; 15 U.S.C. §1692f; 15 U.S.C. §1692g when "Mrs. Smith", after refusing to comply with state of Wisconsin law regarding the extinguished "account" and stating that Riverwalk/De Ville didn't care what the state of Wisconsin law stated – stated that Riverwalk/De Ville would continue to collect the extinguished "account" and continue to credit report the extinguished "account" to the national credit reporting agencies – and Riverwalk/De Ville was adding 122% in interest to the principle amount claimed to the extinguished "account".

39. Defendant violated 15 U.S.C. §1692e; 15 U.S.C. §1692f; 15 U.S.C. §1692g when "Mrs. Smith", after refusing to comply with state of Wisconsin law regarding the extinguished "account" and stating that Riverwalk/De Ville didn't care what the state of Wisconsin law stated

– stated that Mr. Andersen needed to pay the disputed, time-barred and extinguished "account" – and pay it directly to Riverwalk/De Ville..

40. Defendant violated 15 U.S.C. §1692e; 15 U.S.C. §1692f; 15 U.S.C. §1692g when in the recorded communication of November 20, 2014, both "Anita" and "Mr. Michael Shelton", stated that Riverwalk/De Ville, conveniently, had no record of the June 10, 2014 communication with "Mr. Smith" ever happening thinking that would be the end of it – however when Mr. Andersen informed "Mr. Shelton" that he had a copy of the recorded communication to prove what was stated by "Mrs. Smith", "Mr. Shelton" snidely replied – "Well that's good".

41. Defendant violated 15 U.S.C. §1692e; 15 U.S.C. §1692f; 15 U.S.C. §1692g when they were notified that Mr. Andersen disputed the "account" and shortly thereafter sold that disputed "account" to a different collection agency without noting the "account" in dispute and notifying the purchasing collection agency that the "account" was disputed.

## VII. COUNT TWO: CLAIMS FOR RELIEF - VIOLATIONS OF THE FCRA/FACTA

42. Plaintiff incorporates the foregoing paragraphs by reference as if contained herein.

43. Defendant violated 15 U.S.C. §1681s-2(a)(3) by not notifying the consumer reporting agencies that information Defendant supplied is disputed by the consumer after Plaintiff informed Defendant of such.

44. Defendant violated 15 U.S.C. §1681s-2(b)(1)(A) by not conducting an investigation with respect to the disputed information after Plaintiff informed Defendant of such.

45. Defendant violated 15 U.S.C. §1681s-2(b)(1)(B) by not reviewing all relevant information provided by the consumer reporting agency after Plaintiff informed Defendant of the dispute.

46. Defendant violated 15 U.S.C. §1681s-2(b)(1)(C) by not reporting the results of the investigation to the consumer reporting agency after Plaintiff informed Defendant of the dispute.

## VIII. COUNT THREE: CLAIMS FOR RELIEF - VIOLATIONS OF THE WISCONSIN CONSUMER ACT

47. Plaintiff incorporates the foregoing paragraphs by reference as if contained herein.

48. Defendant violated Wis. Stat. 427.104(c), (e), (f), and (j) when stating that they did not care what the state of Wisconsin law stated and refused to correct Mr. Andersen's credit report with the major credit reporting agencies after being informed that they were providing incorrect credit information to them.

49. Defendant violated Wis. Stat. 427.104(h), (j), and (l) when "Mrs. Smith", after refusing to comply with state of Wisconsin law regarding the extinguished "account" and stating that Riverwalk/De Ville didn't care what the state of Wisconsin law stated – stated that Mr. Andersen needed to pay the disputed, time-barred and extinguished "account" – and pay it directly to Riverwalk/De Ville – and the amount "due" included the added 122% in interest to the principle amount claimed to the extinguished "account".

## IX. COUNT FOUR: CLAIMS FOR RELIEF - NEGLIGENT TRAINING AND SUPERVISION

50. Plaintiff incorporates the foregoing paragraphs by reference as if contained herein.

51. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

52. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA, FCRA/FACTA, and Wisconsin state law.

53. Defendant negligently failed to train and supervise agents/employees in order to prevent said improper conduct.

54. Defendant negligently failed to train and supervise agents/employees on the FDCPA, FCRA/FACTA, and Wisconsin state law as it relates to actions and communications with consumers.

55. The Defendant acted in a false, deceptive, misleading and unfair manner for the purpose of coercing Plaintiff to pay an alleged debt that is no longer owed.

56. The Defendant acted in a false, deceptive, misleading, and unfair manner, when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with an alleged debt that is no longer owed.

57. The Defendant knew or should have known that their actions violated federal law (FDCPA, FCRA/FACTA) and state of Wisconsin law (Wisconsin Consumer Act). Additionally, Defendant and their principals, could have taken the steps necessary to bring their and their agent's actions within compliance of the federal law (FDCPA, FCRA/FACTA) and state of Wisconsin law (Wisconsin Consumer Act), but neglected to do so and failed to adequately review those actions to insure compliance with the law.

58. After good faith offers, on the part of the Plaintiff, to settle these matters, Plaintiff has been compelled to file this action.

59. As a result of the above violations of 15 U.S.C. §1692 *et seq.*, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated 15 U.S.C. §1692 *et seq.*, and Plaintiff's statutory damages, and costs and attorney's fees.

60. As a result of the above violations of 15 U.S.C. §1681 *et seq.*, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated 15 U.S.C. §1681 *et seq.*, and Plaintiff's statutory damages, and costs and attorney's fees.

61. Pursuant to 15 U.S.C. §1681n, any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the each failure up to $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of the action together with reasonable attorneys' fees.

62. Pursuant to 15 U.S.C. §1681o, any person who is negligent in failing to comply with any requirement under this title with respect to any consumer is liable to that consumer in an amount

equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure (ii) the costs of the action together with reasonable attorneys' fees.

63.     As a result of the above violations of the Wisconsin Consumer Act and Wisconsin common law, the Defendant is liable to the Plaintiff for damages for each violation under Wis. Stat. 425.304(1), and compensatory and punitive damages against Defendants in an amount to be determined by this Court on Plaintiff's state law claims.

**WHEREFORE**, Plaintiff, Dean Andersen, demands relief against the Defendant as follows:

A.      Declaratory judgment that Defendants' conduct violated 15 U.S.C. §1692 *et seq.*, 15 U.S.C. §1681 *et seq.*, the Wisconsin Consumer Act, state of Wisconsin common law, and declaratory relief against the Defendant;

B.      A judgment in favor of the Plaintiff, and against each Defendant for punitive, and statutory damages;

C.      Interest on the aforementioned judgment at the maximum rate and for the maximum duration allowed by law;

D.      As required under 15 U.S.C. §1681k., 15 U.S.C. §1681n, 15 U.S.C. §1681o, and the Wisconsin Consumer Act, an award of attorneys' fees, and costs herein incurred;

E.      Damages for each violation of the Wisconsin Consumer Act under Wis. Stat. 425.304(1), and compensatory and punitive damages against Defendants in an amount to be determined by the Court on Plaintiff's state law claims for Defendants' negligent training and supervision.

F.      Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties.

## DEMAND FOR JURY TRIAL

Plaintiff, Dean Andersen, demands trial by jury in this matter.

Dated this 16th day of December, 2014.

Submitted by:

*/s/ D.A.*

Dean Andersen
Plaintiff
505 Lake Street
Waukesha, WI 53186
(920) 217-2839
dandersen@email.com